IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LORA POWELL | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 3740 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| ORACLE, USA | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lora Powell, has sued her former employer defendant, Oracle USA, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000), and racial discrimination and unfair retaliation in violation of 42 U.S.C. §1981. Defendants responded by filing a motion to compel arbitration pursuant to the Federal Arbitration Act (9 U.S.C. § 3, and plaintiff's employment contract with defendant. For the reasons discussed below, the court grants defendant's motion.

## FACTS

Defendant is an independent software company. In June of 2004 it hired plaintiff as a sales manager. When plaintiff signed her original employment contract, defendant's company was known as Oracle Corporation. After a merger with PeopleSoft USA, a new entity was created called Oracle USA, which was a wholly-owned subsidiary of Oracle Corporation. In February of 2005, defendant sent out an e-mail stating, "The terms of your employment with Oracle Corporation will be the same at Oracle USA. Your Oracle Employment Agreement, including its provisions about arbitration, as well as your Oracle Propriety Information Agreement and any Oracle

Compensation and/or Bonus Plans are being assigned to and remain in full force and effect with Oracle USA." Plaintiff made no objection to this e-mail.

While employed with defendant, plaintiff's responsibilities consisted of selling software products to customers in the public sector. In plaintiff's complaint she claims that she was hired to increase diversity. In actuality, she claims defendant used her in only "urban" markets, which prevented her from getting as many sales as others in her position. Plaintiff alleges that these actions were race-based.

Based on this alleged racial discrimination, plaintiff filed a complaint with defendant against her manager Dave Campbell on May 17, 2006, which defendant ignored. Plaintiff, feeling emotionally distraught as a result of the alleged discrimination at work, sought medical attention. While at a doctor's appointment, plaintiff received a voice mail message from Dave Campbell terminating her employment. As required by Title VII, plaintiff filed a timely complaint with the EEOC before bringing the instant suit. Plaintiff alleges racial discrimination in violation of Title VII and §1981, as well as unfair retaliation in violation §1981. Defendant has moved to compel arbitration on the grounds that in her employment contract plaintiff agreed to submit all disputes to arbitration.

## **DISCUSSION**

The Federal Arbitration Act, 9 U.S.C. § 3, "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 56 (1995). In the instant case, plaintiff does not dispute that when she first began her employment with Oracle, she signed an employment contract containing an agreement

to arbitrate all legal claims.  Her argument is that the contract that she signed when she began her employment with the defendant does not apply.

Plaintiff claims that when Oracle Corporation merged with PeopleSoft USA, the terms of her employment contract were modified, thereby requiring written approval of both parties pursuant to the terms of the contract.  As defendant correctly points out, the e-mail that they sent to plaintiff specifically states that there would be no changes to the employment contract.  If plaintiff's argument were correct defendant would have been required to have every existing Oracle Corporation employee sign a new employment contract.  Instead, Oracle Corporation simply assigned its rights and obligations under the original contract to Oracle USA.  "It is elementary that an assignment does not modify the terms of the underlying contract. It is a separate agreement between the assignor and the assignee, which merely transfers the assignor's contract rights, leaving them in full force and effect as to the party charged.  Ametex Fabrics, Inc v. Just In Materials, Inc. 140 F.3d 101, 107 (2nd Circ. 1998).  Despite plaintiff's contention that her contract with Oracle Corporation was "null and void" after the merger, she still continued her employment with them based on the terms of that original contract.  She had an opportunity to object to the assignment and she chose not to.

Plaintiff relies on Caligiuri v. First Colony Life Insurance Company, 318 Ill. App. 3d 793, (1st Dist 2000), for her claim that Oracle USA may not invoke the terms of the employment contract between plaintiff and Oracle Corporation. Plaintiff's reliance is misplaced.   In Caligiuri, the defendants tried to invoke an arbitration clause in a separate contract between the plaintiff and the defendants' parent corporation.  The court denied the defendants' motion to compel arbitration, finding that the defendants

could enforce the arbitration agreement only if defendants were found to be the agent of the parent corporation, which they were not. Id. at 803. Because in the instant case, Oracle USA was assigned the rights of the contract with no objection from plaintiff, Caligiuri does not apply. Plaintiff provides no other justification for why the employment contract is null and void.[1]

## **CONCLUSION**

For the foregoing reasons, defendant's motion to compel arbitration is granted. This action is dismissed without prejudice with leave to reinstate should that be appropriate after the arbitration is concluded.

**ENTER:** November 6, 2008

_____
**Robert W. Gettleman
United States District Judge**

---

[1] In granting defendant's motion to compel arbitration this court does not reach the issue of whether plaintiff was required to submit her arguments to an arbiter.